Dane, J.,
delivered the opinion of the court:
In October, 1816, a judgment was recovered against French and others, by Skinner, in the name of the commissioners of Geauga county. French then owned a tract of land subject to a mortgage to Coit. In October, 1818, a levy was made upon personal property of French, sufficient to discharge the judgment, which remaining unsold in March, 1819, the levy upon it was released by the consent of Skinner and French.
In November, 1818, after the levy and before the release of the property, Ford purchased the land of French, and took a conveyance in fee. In 1828, the judgment never having been satisfied, a new execution was taken out and levied upon the land, upon *441 which Ford brings his bill to enjoin the further ^pursuit of their levy, claiming that, by the acts of the parties to the execu-' tion, the land is discharged from the lien.
At the former hearing in bank, in January, 1831, two of the three judges concurred in dismissing the bill. Further examinations in the new light in which this case is now placed, have led me to change my opinion as to the correctness of the decree.
When land is purchased from a judgment debtor, the purchaser may -require the property of the debtor, or lands subsequently sold by him, to be exhausted in satisfaction of the judgment before his. 5 Johns. Ch. 325. And he may exact from the creditor a due and reasonable pursuit'of his remedies. A levy upon personal estate is a satisfaction of the judgment while it subsists, 3 Ohio, 224;. 5 Ohio, 173; and the land of the debtor may be lawfully acquired upon this presumption. 5 Ohio, 179. If the levy be set aside for-irregularity or casually lost without the negligence or misconduct of the creditor, the lien on the land is revived; for the equities are equal, and the earliest legal right should prevail. 10 Pet. 210. But where a creditor voluntarily surrenders his means of satisfaction to his debtor without the consent of those who have acquired later interests, it is a species of mala fides to attempt afterward to-subject them to his debt.
Such is the condition of the parties to this.suit; Skinner having-a valid and sufficient levy, released it to his debtor ; it is not right to permit him to disturb those who acquired rights, relying on his diligence and good faith.
Injunction decreed. Judge Hitchcock, having been of counsel,, did not sit in this case.